**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRPS LLC, | No. CV-18-08249-PCT-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Tenney Realty Services LLC, | |
| Defendant. | |

Defendant Tenney Realty Services LLC seeks approximately $40,000 in attorneys' fees pursuant to the Arizona statute that allows for an award of attorneys' fees to the successful party in any "action arising out of a contract." A.R.S. § 12-341.01(A). Plaintiff BRPS LLC argues that statute does not apply to the type of claim it brought against Tenney Realty. BRPS also argues that even if the statute permits an award of fees, the circumstances of this case do not support such an award. Existing Arizona authority establishes Tenney Realty is eligible for an award of fees and, based on the relevant factors, Tenney Realty will be awarded the fees it seeks.

## BACKGROUND

In 2012, BRPS's predecessor-in-interest filed a lawsuit in Navajo County Superior Court against R&D Dart Realty Services, Inc. (Doc. 39-1 at 2). That lawsuit alleged multiple claims for breach of contract and requested attorneys' fees pursuant to A.R.S. § 12-341.01(A). BRPS's predecessor-in-interest prevailed and obtained a judgment against R&D for the principal sum of $318,442.13 with an additional $23,196 awarded in

attorneys' fees. (Doc. 39-2 at 2). R&D did not pay that judgment. Years later, BRPS filed the present suit against Tenney Realty, alleging Tenney Realty was the "successor in interest" to R&D and responsible for the outstanding judgment.

After some initial procedural difficulty in identifying and stating the precise claim it wished to pursue, BRPS filed an amended complaint asserting a single claim against Tenney Realty for "successor liability." At summary judgment, the Court concluded BRPS's claim was subject to a four-year statute of limitations and BRPS waited too long to file its claim. Thus, the Court granted summary judgment in favor of Tenney Realty. Tenney Realty now seeks an award of the attorneys' fees it incurred in litigating this case.

## ANALYSIS

Pursuant to A.R.S. § 12-341.01(A), "[i]n any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney fees." For present purposes, there are two disputes regarding application of this statute. First, whether this litigation was an "action arising out of contract" such that an award of attorneys' fees is possible. And second, if an award of fees is possible, whether the circumstances of this case support such an award.

### I. BRPS's Claim for Successor Liability Arose Out of Contract

Arizona courts have not adopted a clear and consistent approach for identifying which actions "aris[e] out of contract" for purposes of § 12-341.01(A). In general, "an action arises out of contract if it could not exist but for the contract." *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 856 P.2d 1201, 1203 (Ariz. Ct. App. 1993). In other words, "[t]he test to determine if an action arises out of contract is whether the plaintiff would have a claim 'even in the absence of a contract.'" *ML Servicing Co. v. Coles*, 334 P.3d 745, 753 (Ariz. Ct. App. 2014). This approach, however, is not as straightforward as it appears because Arizona courts have also asserted an action does not "aris[e] out of contract" when "the contract is only a factual predicate to the action but not the essential basis of it." *Kennedy*, 856 P.2d at 1203.

Arizona courts have repeatedly struggled with identifying those situations where a

contract should be viewed as "the essential basis" of an action such that attorneys' fees may be awarded versus situations where the contract merely was a "factual predicate to the action" and no award of fees is permitted. *Compare Hanley v. Pearson*, 61 P.3d 29 (Ariz. Ct. App. 2003) (attorneys' fees not permitted because statutory provision, not contract, was essential basis of action) *with ML Servicing Co.*, 334 P.3d 745 (attorneys' fees permitted because contract, not statutory provision, was essential basis of action). There is no simple way of differentiating between these two scenarios. Rather, courts simply are expected to "look[] to the nature of the action and the surrounding circumstances" and determine if a contract was "central to the issues of the case." *Hiatt v. Shah*, 364 P.3d 1138, 1143 (Ariz. Ct. App. 2015).

In the present case, there is no dispute that the underlying judgment against R&D was entered in a suit alleging breaches of contract. Thus, there is no dispute that attorneys' fees pursuant to A.R.S. § 12-341.01(A) were authorized in that earlier suit. Arizona courts, however, have not addressed whether a subsequent action seeking to collect on a previous judgment should also be viewed as "arising out of contract" for purposes of § 12-341.01(A). Two Arizona cases strongly hint attorneys' fees are permitted in such an action.

First, in *Nunez v. Interstate Corporation Systems, Inc.*, 799 P.2d 30 (Ariz. Ct. App. 1990), a plaintiff had obtained a judgment in federal court against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"). That federal judgment was accompanied by an award of attorneys' fees pursuant to the provision of the FDCPA that requires an award of attorneys' fees to a prevailing plaintiff. The debt collector refused to pay the federal judgment and, years later, the plaintiff filed a separate lawsuit in state court against the debt collector's sole shareholder. That lawsuit alleged the sole shareholder had engaged in asset transfers to prevent the collection of the federal judgment. While the state court lawsuit was an attempt to enforce the federal judgment, technically the state court lawsuit only involved claims under Arizona's fraudulent conveyance statute. *Id.* at 31. The superior court entered judgment against the shareholder on those claims and awarded the plaintiff the attorneys' fees she had incurred in the state court litigation.

On appeal, one of the issues was whether the award of attorneys' fees was proper. Normally, a prevailing party in a fraudulent conveyance action is not entitled to an award of attorneys' fees. *Cf. Dooley v. O'Brien*, 244 P.3d 586, 591 (Ariz. Ct. App. 2010) (holding attorneys' fees pursuant to § 12-341.01(A) not authorized for fraudulent conveyance claim). But the Arizona Court of Appeals believed an award of the attorneys' fees the plaintiff had incurred in collecting the original FDCPA judgment was permitted because of the authorization for such fees in the original suit. That is, the court concluded the FDCPA provided "statutory authority not only to award fees in the initial action but also in any action . . . to enforce the judgment obtained in that initial action." *Id.* at 31.

The second useful case involved a factual setting closer to the present. In that case, Tony's Construction, Inc., asserted a breach of contract claim against Select Development, LLC. *Tony's Const., Inc. v. Select Development, LLC*, 2014 WL 3732535 (Ariz. Ct. App. July 28, 2014). Tony's Construction prevailed on its breach of contract claim and then attempted to collect on that judgment through assertion of "an alter ego theory" against "an individual member" of Select Development, LLC. *Id.* at *10 n.13. The alter ego theory failed and the trial court, pursuant to § 12-341.01(A), awarded the defendants the attorneys' fees they had incurred in defeating the alter ego theory.

On appeal, Tony's Construction argued its alter ego theory had been "entirely independent of the underlying contract action" and, therefore, § 12-341.01(A) did not authorize an award of the attorneys' fees incurred in defeating the alter ego theory. *Id.* at *9. The Arizona Court of Appeals rejected that argument. In the court's view, the "alter ego cause of action was an attempt to collect on [Tony's Construction] judgment [for] breach of contract by expanding liability for the breach against additional parties." *Id.* at *10. And because "[t]he assertion of an alter ego theory could not have existed absent the underlying contract," the alter ego theory "ar[ose] out of a contract for purposes of § 12-341.01(A)."

Combining the reasoning from *Nunez* and *Tony's Construction*, the Court concludes the Arizona Supreme Court would allow for an award of attorneys' fees pursuant to A.R.S.

§ 12.341.01(A) in a suit alleging a successor liability claim when attorneys' fees pursuant to that statute were recoverable in the underlying action. *Nunez* provides the general rule that whether attorneys' fees can be awarded in a judgment enforcement action will often turn on whether attorneys' fees could have been awarded in the underlying suit. And *Tony's Construction* establishes attorneys' fees can be awarded in the particular circumstances of trying to collect a breach-of-contract-judgment. In other words, using the language commonly used when interpreting § 12-341.01(A), a contract is the "essential basis" of a subsequent suit attempting to enforce a breach-of-contract-judgment. *See Kennedy v. Linda Brock Auto. Plaza, Inc.*, 856 P.2d 1201, 1203 (Ariz. Ct. App. 1993). BRPS argues this conclusion conflicts with two decisions from the District of Arizona but those two decisions are not convincing.

The first decision cited by BRPS is *S.A.R.L. Aquatonic Laboratoires PBE v. Marie Katelle, Inc.*, No. CV-06-0640-PHX-FJM, 2007 WL 4287835, at *2 (D. Ariz. Dec. 6, 2007). There, a French corporation filed suit in Arizona district court, seeking to enforce judgments it had obtained against an Arizona corporation in French court. The French litigation had been based on the parties' contract but there had not been an award of attorneys' fees in that litigation. After the French corporation prevailed in the judgment enforcement action in Arizona, the district court denied the French corporation's request for attorneys' fees under § 12-341.01(A). In its analysis, the *S.A.R.L.* court cited *Nunez* and explained that, "[i]n some settings, fee-shifting does extend to enforcement proceedings." *Id.* But the *S.AR.L.* court concluded "fee-shifting in the enforcement action [is] premised on fee-shifting in the initial action." *Id.* The fact that the underlying French judgments did not include fee-shifting apparently weighed against allowing such fees in the subsequent enforcement action. The *S.A.R.L.* court then seemed to change its approach, however, and simply concluded "[a]t bottom, this is an action to enforce a judgment, not a contract." *Id.* Because an enforcement action "is not dependent on the nature of the underlying claim," the court believed "an action to enforce a foreign judgment is not within the scope of A.R.S. § 12-341.01(a)." *Id.*

It is not clear why the *S.A.R.L.* court refused to follow *Nunez*'s logic. The assertion in *S.A.R.L.* that an "action to enforce a judgment" is fundamentally different from the underlying suit is not convincing. After all, the second litigation in *Nunez* involved an attempt to enforce an FDCPA judgment through a fraudulent conveyance claim, not a claim under the FDCPA. Despite that, the Arizona Court of Appeals concluded the FDCPA's authorization for fees also authorized fees in the subsequent judgment enforcement action. Applying that logic to the facts in *S.A.R.L.*, the fact that fees could have been awarded in the underlying contract dispute in France should have meant fees were permissible in the subsequent judgment enforcement action.

The second case BRPS believes supports its position is *Five Points Hotel Partnership v. Pinsonneault*, No. CV-11-00548-PHX-JAT, 2014 WL 4771769, at *1 (D. Ariz. Sept. 24, 2014). That case involved an attempt to assert a standalone claim for "alter-ego liability" to collect on a breach of contract judgment obtained in Arizona state court. The defendants prevailed after the court concluded "alter ego does not exist as a cause of action under Arizona law." *Id.* Defendants then applied for an award of attorneys' fees under A.R.S. § 12-341.01(A) but the court denied that request. The court reasoned that a non-existent claim, *i.e.*, the "alter ego claim," could not be viewed as arising out of contract. *Id.* In addition, the court believed "the contract was irrelevant to proving alter ego and enforcing the state court judgment." *Id.*

The decision in *Five Points* did not discuss or cite the results in *Nunez* or *Tony's Construction*. And given the analysis in *Tony's Construction* that attorneys' fees *can* be awarded for defending an unsuccessful alter ego theory, the conclusion in *Five Points* appears to be incorrect.

Under the reasoning of *Nunez* and *Tony's Construction*, attorneys' fees can be awarded for litigation seeking to enforce an underlying breach of contract judgment. Because fees could be awarded under A.R.S. § 12-341.01(A) in the earlier litigation between BRPS's predecessor-in-interest and Tenney Realty's alleged predecessor-in-interest, fees are also authorized under A.R.S. § 12-341.01(A) for this subsequent litigation

seeking to enforce the previous judgment.[1]

## II. Factors When Deciding Whether to Award Fees

Because Tenney Realty is statutorily eligible for an award of fees, the Court must determine whether an award is appropriate under the circumstances of this case.[2] This requires evaluating six factors:

> (1) whether the unsuccessful party's claim or defense was meritorious;
>
> (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;
>
> (3) whether assessing fees against the unsuccessful party would cause an extreme hardship;
>
> (4) whether the successful party prevailed with respect to all of the relief sought;
>
> (5) whether the legal question presented was novel and whether such claim or defense have previously been adjudicated in this jurisdiction; and
>
> (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985). But determining whether to award fees is not simply a matter of totaling up how many of these factors weigh in favor of an award versus how many weigh against. "[T]he weight given to any one factor is within the court's discretion." *Moedt v. Gen. Motors Corp.*, 60 P.3d 240, 245 (Ariz. Ct. App. 2002). And even relatively extreme imbalances in the various

---

[1] Fees are not available in all judgment enforcement actions. For example, fees cannot be awarded pursuant to A.R.S. § 12.341.01(A) in a garnishment proceeding. *Bennett Blum, M.D., Inc. v. Cowan*, 330 P.3d 961, 964 (Ariz. Ct. App. 2014). That conclusion, however, is based on garnishment proceedings being "purely statutory" and A.R.S. § 12-341.01(A) not applying "to purely statutory causes of action." *Id.* Neither the Navajo County suit nor the present suit involved a statutory cause of action.

[2] BRPS argues Tenney Realty did not comply with the requirement in Local Rule 54.2 to "discuss the applicable factors deemed relevant in determining whether attorneys' fees . . . should be allowed, with citation(s) to the relevant legal authority." While Tenney Realty did not explicitly identify and discuss every relevant factor, its motion provides enough information to allow for a reasoned decision regarding fees. Therefore, any failure to comply with Local Rule 54.2 was harmless.

factors can still result in an award of fees. *See, e.g.*, *Tucson Estates Prop. Owners Ass'n, Inc. v. McGovern*, 366 P.3d 111, 115 (Ariz. Ct. App. 2016) (affirming denial of fees where only one factor weighed against fees). Thus, the focus must be on the whether a consideration of the case as a whole supports an award of fees.

Here, the fact that the statute of limitations barred BRPS's claim means the Court did not reach the merits and the first factor weighs against an award of fees. On the second factor, BRPS could have avoided almost the entirety of this litigation because, very early in these proceedings, Tenney Realty informed BRPS that its successor liability claim was barred by the statute of limitations. BRPS's decision to pursue its claim after receiving that information supports an award of fees. On the third factor, there is no indication that an award of fees against BRPS would cause an extreme hardship, meaning that factor weighs in favor of awarding fees. The fourth factor also supports an award of fees because Tenney Realty prevailed on all the relief it sought. But the fifth factor weighs against an award of fees because the legal questions surrounding BRPS's standalone claim for successor liability were novel. Finally, the sixth factor supports an award of fees because awarding fees would not discourage other parties from pursuing meritorious claims.

Of the six factors, four support an award of fees while two do not. Given that imbalance, and in light of the overall circumstances of the case, an award of fees is appropriate. BRPS does not object to the hourly rate ($375) or the number of hours (105.3) requested by Tenney Realty's counsel. Both the rate and number of hours are reasonable. Therefore, the Court will grant BRPS the amount it seeks with the exception of the $3.20 in nontaxable costs that cannot be awarded.[3] *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 109 (Ariz. 1999) (holding nontaxable costs "may not be included in an award of attorneys' fees made pursuant to A.R.S. § 12–341.01").

Accordingly,

---

[3] The amount includes approximately $1,300 for work performed by paralegals and "legal assistants." Such time can be included in an award under A.R.S. § 12-341.01(A). *Cont'l Townhouses E. Unit One Ass'n v. Brockbank*, 733 P.2d 1120, 1127 (Ariz. Ct. App. 1986) (holding "legal assistant and law clerk services may properly be included as elements in attorneys' fees applications and awards pursuant to A.R.S. § 12–341.01").

**IT IS ORDERED** the Motion for Attorneys' Fees (Doc. 48) is **GRANTED**. The Clerk of Court is directed to enter a judgment in favor of Defendant in the amount of $40,770.50.

Dated this 4th day of March, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge