**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRPS LLC, | No. CV-18-08249-PCT-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Tenney Realty Services LLC, | |
| Defendant. | |

    Plaintiff BRPS LLC seeks a stay pending appeal of the judgment awarding Defendant Tenney Realty Services LLC $40,770.50 in attorneys' fees. (Doc. 63). Pursuant to Federal Rule of Civil Procedure 62 "a party may obtain a stay" of a judgment "by providing a bond or other security." That rule has been interpreted as allowing for an "automatic stay" upon the posting of the appropriate bond or other security. *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC-PLA, 2019 WL 8226058, at *1 (C.D. Cal. Apr. 11, 2019). District courts have discretion to determine the appropriate amount of the bond or other security. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000).

    The first portion of BRPS's motion requests the Court "set[] a supersedeas bond" reflecting the amount of the attorneys' fees judgment plus eighteen months of post-judgment interest. (Doc. 63 at 1). BRPS states it is willing to post a bond of $41,510.50. BRPS then requests that "upon the posting of the bond," the Court "stay execution of the Judgment on Attorney Fees." (Doc. 63 at 3). But the motion goes on to state that once

BRPS "posts the bond, the Court should also direct the Clerk of the Court to deposit the funds in the Federal Court Registry Investment System ("CRIS") or other form of interest bearing account for the ultimate benefit of BRPS." (Doc. 63 at 3). Given this latter statement, it appears BRPS does not wish to post a bond. Instead, BRPS wishes to deposit $41,510.50 with the Clerk of Court to act as a form of "other security" sufficient to allow for a stay of the judgment.[1]

Defendant Tenney Realty "does not contest the calculations proposed by Plaintiff" but requests the Court set the amount of security at $80,000. Tenney Realty explains that the Court has the discretion "to increase the amount of [security] under certain circumstances." (Doc. 64 at 2). And Tenney Realty believes the Court should exercise that discretion to require security reflecting the possibility that Tenney Realty will be awarded its attorneys' fees on appeal. (Doc. 64 at 3). In its reply, BRPS argues Tenney Realty's position is "outrageous" and that "no federal court has *ever* held that a potential award of attorneys' fees on appeal may be included in a supersedeas bond." (Doc. 65 at 5).

Contrary to BRPS's position, some federal courts have concluded the size of a supersedeas bond can be increased to include "additional attorneys' fees, which the appellate court may award." *Jang v. Sagicor Life Ins. Co.*, No. EDCV171563JGBKKX, 2019 WL 6434766, at *4 (C.D. Cal. July 10, 2019). *See also Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*, No. 3:15-CV-04618-WHO, 2018 WL 620123, at *4 (N.D. Cal. Jan. 30, 2018) (setting supersedeas bond amount to include "additional attorneys' fees" on appeal). The majority position, however, appears to be the amount of a supersedeas bond should not include expected additional attorneys' fees. *See, e.g.*, *CSX Transp., Inc. v. Peirce*, No. 5:05CV202, 2013 WL 5674850, at *2 (N.D. W. Va. Oct. 17, 2013) (in setting supersedeas amount court would not "engage in speculation" regarding the amount of attorneys' fees

---

[1] As explained by one court, providing a "bond" and depositing cash with the Clerk of Court are two distinct ways of providing sufficient security to obtain a stay pending appeal. *See Edwards v. McElliotts Trucking, LLC*, No. CV 3:16-1879, 2018 WL 6531680, at *14 (S.D. W. Va. Dec. 11, 2018) (noting "production of cash runs counter to the very concept of a 'bond'").

that might be awarded on appeal); *Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-CV-1401-T-33JSS, 2015 WL 5735419, at *2 (M.D. Fla. Sept. 22, 2015) (same).

While the Court may have the authority to increase the amount of security to reflect a possible award of attorneys' fees, it is not appropriate to do so here. Considering recent authority, BRPS's appeal is not frivolous. *See, e.g.*, *Specialty Companies Grp. LLC v. Meritage Homes of Arizona Inc*, 248 Ariz. 434, 461 P.3d 454 (Ct. App. 2020) (addressing limitations period and concluding that "enforcing an existing judgment against an alter ego is no different from enforcing the judgment against a named judgment debtor"). In addition, there is no indication BRPS would be unable to satisfy an additional award of attorneys' fees at the conclusion of the appeal. Therefore, security in the amount of the judgment, plus a small amount for interest is appropriate.

Accordingly,

**IT IS ORDERED** the Motion for Leave to Post Supersedeas Bond (Doc. 63) is **GRANTED IN PART**. BRPS shall deposit $41,510.50 with the Clerk of Court, to be placed in an interest-bearing account.

**IT IS FURTHER ORDERED** upon the deposit of $41,510.50, all enforcement of this Court's judgment (Doc. 59) shall be stayed and no execution of any form may issue until ten days following issuance of the mandate by the Court of Appeals.

Dated this 19th day of June, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge